IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| CHRIS POINDEXTER, *et al.*, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) Case No. CIV-16-828-D |
| | ) |
| JACK STUTEVILLE, *et al.*, | ) |
| | ) |
| Defendants, | ) |
| | ) |
| and | ) |
| | ) |
| UNITED STATES OF AMERICA *ex rel.* | ) |
| U.S. DEPARTMENT OF AGRICULTURE | ) |
| FARM SERVICE AGENCY, | ) |
| | ) |
| Garnishee. | ) |

**O R D E R**

Before the Court is the United States' Motion to Quash Garnishment Summons and Dismiss Garnishment Proceeding [Doc. No. 4], filed pursuant to Fed. R. Civ. P. 12(b)(1) on behalf of the United States Department of Agriculture ("USDA").

The United States removed this action to federal court after Plaintiff Pridex Construction, LLC ("Pridex") issued a state court garnishment summons to the USDA based on a money judgment against Defendant Jack Stuteville. Pridex alleged in support of the garnishment that the USDA Farm Service Agency is indebted to Mr. Stuteville or has control of non-exempt property belonging to him. By its Motion, the USDA seeks an order quashing the summons and dismissing the proceeding against it based on federal sovereign immunity.

The USDA asserts that Mr. Stuteville may receive payments from the Commodity Credit Corporation ("CCC") but it is an instrumentality of the Consolidated Farm Service Agency and statutorily protected from a garnishment action by 15 U.S.C. § 714b.

Both Pridex and Mr. Stuteville have responded to the Motion. Pridex contends CCC is not entitled to sovereign immunity and payments made by CCC to program participants are subject to garnishment because they are not property of CCC. Mr. Stuteville challenges the validity of the garnishment summons. He asserts that Pridex currently has no judgment against him and, thus, no right to collect a debt or garnish his property.[1]

The USDA has filed a reply brief in further support of its Motion, arguing that the legal authorities cited by Pridex are inapposite. The USDA states that under federal law, program monies in CCC's possession are property of CCC and protected by sovereign immunity, and program payments are only subject to liens or other claims under state law after "the payment leaves the possession of the government and is in the hands of the participating producer, i.e. Defendant Stuteville." *See* Reply Br. [Doc. No. 11], pp.2-3.

Sovereign immunity shields the United States and its agencies from suit and, where applicable, deprives courts of subject matter jurisdiction. *Normandy Apartments, Ltd. v. U.S. Dep't of Hous. & Urban Dev.*, 554 F.3d 1290, 1295 (10th Cir. 2009). "'The concept of

---

[1] This assertion is based on post-judgment and appellate proceedings in the state court action, where a petition for writ of certiorari is pending before the Oklahoma Supreme Court. Although unclear from Mr. Stuteville's response, the state court docket sheet shows that the trial court vacated Pridex's judgment and ordered a new trial, the Oklahoma Court of Civil Appeals reversed the order, and Mr. Stuteville is seeking supreme court review of the court of appeals' decision. Pridex's position seems to be that the effect of the court of appeals' decision was to reinstate its judgment.

sovereign immunity means the United States cannot be sued without its consent.'" *Pueblo of Jemez v. United States*, 790 F.3d 1143, 1151 (10th Cir. 2015) (quoting *Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Jacks*, 960 F.2d 911, 913 (10th Cir. 1992)); *see Impact Energy Res., LLC v. Salazar*, 693 F.3d 1239, 1244 (10th Cir. 2012). "Further, only Congress, not the courts, can waive the sovereign immunity of the United States." *Merrill Lynch*, 960 F.2d at 913. "'The party bringing suit against the United States bears the burden of proving that sovereign immunity has been waived.'" *James v. United States*, 970 F.2d 750, 753 (10th Cir. 1992); *see Impact Energy*, 693 F.3d at 1244-45; *Sydnes v. United States*, 523 F.3d 1179, 1183 (10th Cir. 2008).[2]

In this case, Pridex has caused a garnishment summons to be issued to the United States *ex rel*. the USDA. The summons is based on a garnishment affidavit of Pridex's attorney stating a belief "that U.S. Dept of Agriculture Farm Service Agency is indebted to or has property . . . belonging to" Mr. Stuteville. *See* Mot. Quash, Ex. 1 [Doc. No. 4-1]; *see also* Notice of Removal, Ex. 1 [Doc. No. 1-1]. The funds subject to garnishment are not otherwise identified. The USDA assumes in its Motion that CCC administers the federal program that is the target of Pridex's garnishment proceeding. Pridex does not disagree but, instead, states Mr. Stuteville "periodically receives payments from the USDA in the form of Conservation Reserve Program ("CRP") payments, Commodity Credit Corporation ("CCC")

---

[2] Pridex mistakenly attempts to escape its burden by arguing "the USDA cites nothing that expressly grants sovereign immunity for the CCC." *See* Pl.'s Resp. Br. [Doc. No. 8], p.2. In any event, Congress created CCC as "an agency and instrumentality of the United States, within the Department of Agriculture, subject to the general supervision and direction of the Secretary of Agriculture." 15 U.S.C. § 714.

3

payments, or other similar payments." *See* Pl.'s Resp. Br. [Doc. No. 8], p.2. Pridex focuses its argument on the proposition that "CCC payments to program participants (like Stuteville), have been found to be subject to attachment and garnishment." *Id*. 3. The Court decides only the issue presented of whether CCC payments are subject to garnishment or protected by sovereign immunity.

The statute on which Pridex relies to establish a waiver of immunity, 15 U.S.C. § 714b, provides in pertinent part that CCC:

> May sue and be sued, but no attachment, injunction, garnishment, or other similar process, mesne or final, shall be issued against the Corporation or its property. The district courts of the United States, including the district courts of any Territory or possession, shall have exclusive original jurisdiction, without regard to the amount in controversy, of all suits brought by or against the Corporation: Provided, That the Corporation may intervene in any court in any suit, action, or proceeding in which it has an interest.

15 U.S.C. § 714b(c). Despite the clarity of the provision stating that no attachment or garnishment may be issued against CCC, Pridex asserts it is not garnishing CCC or its property but, instead, "payments being made Mr. Stuteville from the CCC" which "simply do not constitute property of the CCC." *See* Pl.'s Resp. Br. [Doc. No. 8], p.3.

Pridex provides no pertinent legal authority for its position, and the Court has found none. It is contrary to the "well settled [rule] that federal monies are not subject to garnishment proceedings until they have been paid out for the purposes for which they were appropriated." *Palmiter v. Action, Inc.*, 733 F.2d 1244, 1247 (7th Cir. 1984). The rule dates

back to *Buchanan v. Alexander*, 45 U.S. (4 How.) 20 (1846), where the Supreme Court explained its rationale as follows:

> The funds of the government are specifically appropriated to certain national objects, and if such appropriations may be diverted and defeated by State process or otherwise, the functions of the government may be suspended. So long as money remains in the hands of a disbursing officer, it is as much the money of the United States as if it had not been drawn from the treasury. Until paid over by the agency of the government to the person entitled to it, the fund cannot, in any legal sense, be considered a part of his effects.

*Id*. at 20-21. Under the holding of *Buchanan*, "money retained by the United States for the benefit of its employees [or program participants] may not be reached by the employees' creditors unless Congress has enacted a statute authorizing garnishment or equivalent relief." *Automatic Sprinkler Corp. v. Darla Envtl. Specialists Inc.*, 53 F.3d 181, 181 (7th Cir. 1995).

This Court must follow *Buchanan* "no matter how old the rule and no matter how much it differs from a judge's view of sound policy." *Id*. Pridex cites no statute authorizing garnishment or attachment of money held by CCC for payment to program participants. Quite the opposite, Pridex relies on a statute that expressly prohibits a garnishment action against CCC. Therefore, the Court finds that Pridex has failed to establish a waiver of sovereign immunity and no jurisdiction exists for a garnishment action against the USDA.

IT IS THEREFORE ORDERED that the United States' Motion to Quash Garnishment Summons and Dismiss Garnishment Proceeding [Doc. No. 4] is GRANTED. Plaintiff Pridex Construction, LLC's garnishment action against the United State of America *ex rel.* U.S. Department of Agriculture Farm Service Agency is DISMISSED for lack of subject matter

jurisdiction. The remainder of the state court action is REMANDED to the District Court of Kingfisher County, Oklahoma.³ A separate judgment of dismissal and remand shall be entered.

      IT IS SO ORDERED this 21st day of October, 2016.

                                                    TIMOTHY D. DeGIUSTI
                                                   UNITED STATES DISTRICT JUDGE

---

³ The United States' Notice of Removal purported to remove the entire action to federal court, not simply the garnishment action against the USDA.